UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NEIL CASWELL and LEROY MERKLE**
**as GUARDIANS of the Person and**
**Property of DIANE CASWELL,**
**Incompetent, and NEIL CASWELL,**
**as husband of DIANE CASWELL,**

        **Plaintiffs,**

v.                            Case No. 8:03-cv-2182-T-30MSS

**FORD MOTOR COMPANY, a Foreign**
**Corporation and COOPER TIRE &**
**RUBBER COMPANY, a Foreign**
**Corporation,**

        **Defendants.**
_____/

## ORDER

      **THIS COMES** before the Court for consideration of Plaintiffs' Motion to Compel (Dkt. 56) and Defendant, Cooper Tire & Rubber Company's ("Cooper Tire") responses thereto (Dkts. 57 and 58), as well as Cooper Tire's Motion for Protective Order (Dkt. 59), Plaintiffs' Response to Cooper Tire's Response to Plaintiff's Motion to Compel (Dkt. 64) and Cooper Tire's Motion to Strike Plaintiffs' Reply to Cooper Tire's Response to Plaintiffs' Motion to Compel (Dkt. 65).

      Plaintiffs' Motion to Compel (Dkt. 56) is **DENIED** without prejudice for failure to comply with the Middle District of Florida's Local Rules (the "Local Rules"). Despite prior warnings, Plaintiffs continue to ignore the Local Rules when filing documents with the Court. The Undersigned will consider Plaintiffs' Motion to Compel (Dkt. 56) when they adhere to the Local Rules, specifically Local Rules 3.01(g) and 3.04(a).

      In addition, Plaintiffs ignored Fed.R.Civ.P. 33(a) and Local Rule 3.03(a) when they chose to serve a *Second Set of Interrogatories* upon Cooper Tire, without seeking leave of Court to do so.

Plaintiffs previously served twenty (20) individually numbered interrogatories on Cooper Tire (Dkt. 59, *Plaintiffs' First Set of Interrogatories and Cooper Tire's responses thereto,* Attach. A). On July 13, 2005, Plaintiffs propounded an additional twenty-nine (29) individually numbered interrogatories on Cooper Tire (Dkt. 59, *Plaintiffs' Second Set of Interrogatories*, Attach. B), bringing the total number of interrogatories served by Plaintiffs to forty-nine (49), not counting parts and subparts.

According to the parties' Case Management Report (Dkt. 46), Plaintiffs agreed to serve no more than twenty-five (25) interrogatories absent leave of Court. Cooper Tire seeks a Protective Order limiting Plaintiffs' interrogatories to the twenty-five (25) agreed upon by the parties in the Case Management Report.

Cooper Tire's Motion for Protective Order (Dkt. 59) is **DENIED AS MOOT**. Plaintiffs shall comply with both the Federal and Local rules referenced above. Plaintiffs should be advised that absent leave of Court, which will only be granted on a strong showing of need, they will only be permitted to serve five (5) additional interrogatories on Cooper Tire, which would bring Plaintiffs' total number of interrogatories to twenty-five (25), as agreed to by the parties and ordered by the Court.

Cooper Tire's Motion to Strike Plaintiffs' Reply to Cooper Tire's Response to Plaintiffs' Motion to Compel (Dkt. 65) is **GRANTED**. Plaintiffs' Response to Cooper Tire's Response to Plaintiffs' Motion to Compel (Dkt. 64) is **STRICKEN**.

**DONE and ORDERED** in Tampa, Florida on this 12th day of September 2005.

MARY S. SCRIVEN
United States Magistrate Judge

cc:    Counsel of Record
       The Honorable James S. Moody