UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NEIL CASWELL and LEROY MERKLE,**
As Guardians of the Person and Property of
**DIANE CASWELL, Incompetent and**
**NEIL CASWELL, as husband of**
**DIANE CASWELL,**

    **Plaintiffs,**

v.                                                Case No.  8:03-cv-2182-T-30MSS

**FORD MOTOR COMPANY, et al.,**

    **Defendants.**
_____/

## ORDER

    THIS CAUSE comes before the Court upon Defendant Cooper Tire & Rubber Company's Motion for Summary Judgment (Dkt. # 50), Defendant, Ford Motor Company's Motion for Summary Judgment (Dkt. # 71), Plaintiffs' Responses to Defendant Cooper Tire & Rubber Company's Response to Plaintiffs' Motion for Summary Judgment (Dkts. ## 537 & 77), and Plaintiffs' Response to Defendant Ford Motor Company's Motion for Summary Judgment (Dkt. # 78).  The Court, having considered the motions and memoranda, and having heard the arguments of counsel on Thursday, November 17, 2005, finds that summary judgment should be granted.

**FACTUAL BACKGROUND**

    The present action arises out of a one-vehicle accident involving Diane Caswell. Plaintiffs' Third Amended Complaint alleges that on May 26, 2001, Ms. Caswell was

operating her 1991 Ford Explorer when the vehicle became unstable, left the roadway, and rolled over several times. As a result of the accident, Ms. Caswell was ejected from the vehicle and sustained permanent injuries, including brain damage and paraplegia. These injuries have left Ms. Caswell incompetent and this action is brought on her behalf by her legal guardians, Neil Caswell and LeRoy Merkle.[1]

Plaintiffs complaint alleges that the Ford Explorer was defectively designed from a handling and stability standpoint and that Defendant Ford Motor Company ("Ford") failed to warn of these defects. The complaint also alleges that at the time of the accident, Ms. Caswell's vehicle was equipped with a tire designed, manufactured, and sold by Defendant Cooper Tire & Rubber Company ("Cooper") and that said tire exploded, causing the subject accident.

Defendants have each filed a motion for summary judgment. Cooper's motion for summary judgment asserts that Plaintiffs have failed to establish that Cooper designed, manufactured, or sold the tire involved in the subject accident. Ford's motion for summary judgment asserts that Plaintiffs have failed to timely produce any expert witness reports, and therefore, they cannot establish that there was a defect in the Explorer.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

---

[1] Mr. Caswell has also individually brought a loss of consortium claim against Defendants.

show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in her favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248;

Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

## COOPER'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs' complaint alleges that at the time of the accident, the Ford Explorer's left front tire was a "Bronco Radial APD" tire bearing the Department of Transportation ("DOT") number "DOT # ___ 331376 or DOT# ____ 81376." Cooper asserts that Plaintiffs have failed to establish that Cooper was the manufacturer or producer of the allegedly defective tire. In support of its motion, Cooper has submitted an affidavit from Anthony E. Brinkman, Principal Tire Analysis Engineer of the Cooper Tire & Rubber Company. Mr. Brinkman's affidavit states that Cooper has never designed, manufactured, sold, distributed, or introduced into the stream of commerce a "Bronco Radial APD" tire, or any tire whatsoever, bearing a DOT number ending in the digits "331376" or "81376."

In their initial response, Plaintiffs argued that any potential error in the DOT numbers is not fatal because the name "Bronco Radial APD" is also molded into the tire and because Plaintiffs provided Cooper with a copy of a photograph of the tire involved in the accident. Plaintiffs' response also noted that Cooper did not deny manufacturing Bronco Radial APD tires.

On May 31, 2005, the Court deferred ruling on Cooper's motion and provided Plaintiffs with sixty (60) days to conduct discovery on this matter and to supplement the record to avoid summary judgment. At the conclusion of the sixty (60) days, Plaintiffs failed

to supplement the record. On August 29, 2005, the Court issued an order to show cause directing Plaintiffs to file any additional response to Cooper's motion for summary judgment or show cause why the Court should not consider said motion without any additional response.

Plaintiffs filed an additional response to Cooper's motion for summary judgment on November 11, 2005. However, Plaintiffs' supplemental response again failed to present any record evidence that Cooper manufactured the tire involved in the accident.[2]

## FORD'S MOTION FOR SUMMARY JUDGMENT

Defendant Ford Motor Company has moved for summary judgment on the grounds that Plaintiffs failed to serve their expert reports by the Court's September 30, 2005 deadline, and therefore, cannot establish evidence of a defect in the Ford Explorer. In response, Plaintiffs assert that they are relying on the inference recognized in Cassisi v. Maytag Co., 396 So.2d 1140, 1148 (Fla. 1st DCA 1981), to establish that the Explorer was defective.[3] Under Cassisi, if a product malfunctions during normal operation, a legal inference arises that the product was defective and the injured plaintiff thereby establishes a *prima facie* case for jury consideration. Id. at 1148.

---

[2] The Court notes that to date, Plaintiffs have not filed any record evidence in this action.

[3] Any attempt by the Plaintiffs to rely on *res ipsa loquitur* is barred by the Florida Supreme Court's holding in Goodyear Tire and Rubber Co. v. Hughes Supply Co., 358 So.2d 1339 (Fla. 1978).

## **DISCUSSION**

Cooper's motion for summary judgment involves a dispute over who manufactured the allegedly defective tire. Although it appears that Plaintiffs have failed to prove that Cooper manufactured the tire, without deciding that issue, the Court finds that Plaintiffs' case fails for other reasons. The most notable reason is the fact that Plaintiffs have failed to establish that there was a defect in the tire or the Explorer.

In order to establish a claim under either strict liability or negligence, Plaintiffs must prove a defect in either the Explorer or the tire. See Humphreys v. General Motors Corp., 839 F.Supp. 822, 825-26 (N.D.Fla. 1993); West v. Caterpillar Tractor Co., 336 So.2d 80, 87 (Fla. 1976). Expert testimony is usually required to establish a defect in a product, or a plaintiff may attempt to proceed under the Cassisi inference discussed above. See Humphreys, 839 F.Supp. at 827-28; Worsham v. A.H. Robins Co., 734 F.2d 676, 687 n.8 (11th Cir. 1984).

The Court finds that Plaintiffs have failed to establish that there was a defect in either the Explorer or tire. Plaintiffs acknowledge that they lack expert testimony establishing a defect in either product. Furthermore, Plaintiffs are not entitled to an inference under Cassisi. In order for a Cassisi inference to apply, Plaintiffs must establish two essential predicate facts: (1) a malfunction (2) occurring during normal operation. Cassisi, 396 So.2d at 1151; see also Humphreys, 839 F.Supp. at 828. Plaintiffs have presented no evidence that either of these facts exist.

While the Explorer may have left the road and rolled over, this does not automatically mean that it "malfunctioned." Humphreys, 839 F.Supp. at 828. To establish a malfunction, Plaintiffs must present evidence--most likely through expert testimony--that the tire and Explorer did not perform properly under the circumstances. Id. Plaintiffs have not submitted any affidavits, depositions, written reports or other evidence supporting the conclusion that the tire or Explorer malfunctioned or was defective. Plaintiffs have also failed to submit evidence establishing that the products were being operated normally. Plaintiffs' counsel's unsupported allegations contained in the complaint and in her memoranda are insufficient to establish these elements or to defeat summary judgment. See Lawrenz v. James, 852 F.Supp. 986, 994 (M.D.Fla. 1994), aff'd, 46. F.3d 70 (11th Cir. 1995)(unpublished table decision)(allegations in complaint and unsupported verbal representations made during oral argument are inadequate responses to a motion for summary judgment that fail to create a genuine issue of material fact).

Additionally, Plaintiffs are barred from receiving a Cassisi inference because Plaintiffs' own actions resulted in the destruction of both the Explorer and its tire. In Torres v. Matsushita Electric Corp., 762 So.2d 1014 (Fla. 5th DCA 2000), the plaintiff sought to recover for injuries sustained from a fire involving a vacuum cleaner.[4] After the fire, Torres took pictures of the vacuum cleaner and delivered the vacuum to a "safety specialist" for

---

[4] In diversity cases arising under Florida law, a federal court is bound by the law articulated by the Florida Supreme Court. See Shapiro v. Associated Int'l Ins. Co., 899 F.2d 1116, 1118 (11th Cir. 1990). The Florida Supreme Court has not addressed this issue, therefore, this Court looks to relevant Florida District Courts of Appeal decisions. See Blanchard v. State Farm Mut. Auto. Ins. Co., 903 F.2d 1398, 1399 (11th Cir. 1990).

examination. Id. at 1014.  Once the "safety specialist" finished examining the vacuum, it was delivered to Torres' attorney, who stored it in his garage until it was discarded with the garbage.  Id.

Torres attempted to rely on the Cassisi inference to establish that the fire resulted from the defendant's negligence.[5]  Id. at 1017.  The trial court dismissed Torre's complaint and refused to give Torre the Cassisi inference because it was her negligence, and not the fact that the vacuum was totally consumed by the fire, that prevented defendant from having the opportunity to examine the vacuum.  Id.

On appeal, the Fifth District Court of Appeal, sitting *en banc*, upheld the dismissal of Torres' complaint.  The court initially observed:

> Because Plaintiff admitted that she kept no receipt, packaging or warranty materials that came with the vacuum and because the photographs of the vacuum she did maintain (and which are in the record)[6] do not show the make or model number of the machine or even enough of the vacuum to make any reasonable identification, it is only her unchallengeable testimony that the vacuum at issue was designed or manufactured by defendant which ties defendant to this cause.

Id. at 1016.  The court went on to note that, even if the vacuum was connected to the defendant:

---

[5] The Torres court refers to the inference as the Greco inference, after Greco v. Bucciconi Eng'g Co., 283 F.Supp. 978 (W.D.Pa. 1967).  The Cassisi court specifically adopted the Greco rule as the basis for its opinion, and for simplicity's sake, this Court will consistently refer to the inference as the Cassisi inference.

[6] The Court notes that Plaintiffs have not made any of the photographs they took of the tire part of the record in this case.

> We have found no case in which the [Cassisi] inference has been applied when the product, rather than being destroyed by the malfunction, is unavailable because of plaintiff's negligent destruction of evidence. The extension of [Cassisi] to spoliation cases would be a precedent which invites fraud.

Id. at 1017.[7]

In the present action, Plaintiffs' actions led to the destruction of both the Explorer and its tires, including the tire that allegedly caused the accident. Cooper has filed in the record a contract between Mr. and Mrs. Caswell and Chaney's Used Cars, documenting the fact that the Caswells sold the 1991 Ford Explorer to Chaney's for salvage (See Dkt. # 81). However, before the Explorer was disposed of as salvage, Plaintiffs' obtained photographs of at least one of the tires. During the November 17 oral argument, Plaintiffs' counsel stated that the photographs of the tire provided to Cooper were taken by her investigator prior to the destruction of the Explorer and its tires (See Dkt. # 84, Transcript of the November 17, 2005 Motion Hearing, pp. 4 & 6). It is clear from the record that Plaintiffs' permitted the destruction of the Explorer and its tires without providing Defendants an opportunity to inspect or examine these items. Plaintiffs' actions preclude their use of the Cassisi inference. See Torres, 762 So.2d at 1016-17.

Without an expert witness who can testify about a defect in the Explorer or its tires, and without the Cassisi inference, Plaintiffs cannot prove their case against either Defendant.

---

[7] See also Torres, 762 So.2d at 1020 (Harris, J., concurring) (applying the Cassisi inference when plaintiff's negligence rendered a meaningful defense impossible "would encourage fraud, reward plaintiff's negligence by making the rebuttable inference irrebuttable, and deny defendant, solely because of plaintiff's negligence, its due process right to present a defense.")

Plaintiffs can no longer retain an expert witness because the Explorer and its tires have been destroyed. Accordingly, summary judgment is appropriate for the Defendants.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Cooper Tire & Rubber Company's Motion for Summary Judgment (Dkt. # 50) is GRANTED.

2. Defendant, Ford Motor Company's Motion for Summary Judgment (Dkt. # 71) is GRANTED.

3. The Clerk is directed to enter judgement in favor of Defendants against Plaintiffs.

4. The Clerk is directed to close this case and terminate all pending motions.

**DONE** and **ORDERED** in Tampa, Florida on December 12, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2003\03-cv-2182.msj2.wpd